IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------X
In re:                                             CHAPTER 13

DONALD J. YOUNG                                    Bkcy. Case No. 15-bk-16937-sr

    Debtor.

-------------------------------------------------X

### AMENDED MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

Robert Leite-Young an attorney admitted to practice in the State of Pennsylvania Avers the following:

1) I am the attorney for Donald J. Young ("Debtor") and as such I am fully familiar with the facts and circumstances herein.

2) I submit this Motion for the purpose of (1) Modification of a Confirmed Chapter 13 Plan and (2) to address significant change in debtor's finances due to removal of unforseen financial constraints.

### BACKGROUND

3) Debtor filed for bankruptcy protection pursuant to Chapter 13 of Title 11 of the United States Code (the "Code") on September 25, 2015 (the "Filing date").

4) On April 27, 2016, this Court confirmed Debtor plan of reorganization ("Plan"). Under the terms of the Plan as originally confirmed, Debtor(s) plan payments consisted of $902.97 previously paid before confirmation in addition to 54 post-confirmation payments at $325.00 per month to the chapter 13 trustee ("Trustee"). At the time of confirmation, the liquidation analysis indicated that unsecured, non-priority claimants would receive Pro Rata Distribution in a chapter 7 proceeding. The Plan provided for $18,404.54 in total Plan payments.

*See*, a copy of debtor's 2nd Amended Plan and Order of Confirmation attached hereto and made a part hereof as Exhibit "A."

5) The liquidation analysis further indicated that debtor's estate would provide for a non-asset distribution in a chapter 7 proceeding.

6) late last year, debtor incurred unforeseeable expenses due to tragic events and deaths of close family members. For this reason debtor fell behind on his post-confirmation mortgage obligation to U.S. Bank National Association.

7) The above events were not foreseeable and therefore never contemplated when determining the feasibility of debtor's Plan and his post-confirmation obligations.

8) As of June 6, 2017 Debtor's is slightly behind with his Plan payments, however he is several payments behind on his Mortgage.

9) Debtor requires modification the Confirmed Plan because Debtor(s) as he fell behind with payments to U.S. Bank National Association. The parties have discusses a repayment plan which would allow debtor to prosecute his case and retain his home. Debtor Proposed Amended proposes to repay his mortgage company and additional $10,000.00 over the remaining life of the Plan.

10) Debtor is no longer able to comply with the terms of his Confirmed Chapter 13 Plan in that, he is unable to clear his delinquency and also satisfy his upcoming payments due the above events. Due to the above, it is necessary that debtor be allowed to modify his Plan which will afford him the opportunity to proceed with his bankruptcy case.

11) Based upon debtor current income and expenses, debtor has attached the following proposed Modified Plan. *See*, a copy of debtor's proposed Plan attached hereto and made a part hereof as Exhibit "B."

12) Debtor intends to file a Modified Plan proposing the following: $4,803.97 previously paid before the filing of this Motion in addition to 40 payments at 613.15 per month to the chapter 13 trustee.

13) Debtor alleges that this Plan has not been previously modified post-confirmation.

14) Debtor believes a post-confirmation modification is in both his and the eligible class of creditors best interest.

**WHEREFORE**, debtor in the above captioned proceeding prays that after notice, the expiration of all legal delays, and hearing, that this Motion to Modify Plan is granted and that Debtor's Plan be modified as indicated above.

Respectfully submitted,

Roach & Leite, LLC

Date: June 27, 2017

Robert Leite-Young, Esquire
Attorney debtor
6950 Castor Avenue
Philadelphia, PA 19149
267-343-5818

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                    CHAPTER 13

DONALD J. YOUNG                                Bkcy. Case No. 15-bk-16937-sr

Debtor.

## ORDER

**AND NOW**, upon consideration of the Debtor's Motion to Modify Confirmed Plan, and after notice and hearing, and with the consent of the Chapter 13 Trustee,

It is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

Date: _____

_____
STEPHEN RASLAVICH
U.S. BANKRUPTCY JUDGE

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN RE:

DONALD J. YOUNG, JR.                      Bankruptcy No. 15-16937-sr

Debtor                                    Chapter 13

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 4th AMENDED CHAPTER 13 PLAN
## POST CONFIRMATION MODIFIED PLAN

1. The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor. **Debtor has paid $4,803.97 to the trustee to-date:**

**$613.55** each month thereafter for the remaining **40 months** beginning on June 25, 2017 to be distributed by the Trustee under the Plan.

**The Plan is funded at $24,541.84**

2. From the payments so received, the trustee shall make disbursements as follows:

(a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507 to:

ROACH, LEITE & MANYIN, LLC:                           $1,250.00
Administrative Claim (see for 2016b for additional description)

(b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

PENNSYLVANIA HOUSING FINANCE AGENCY:                  $22,333.07*
*To date debtor has paid $3,148.33 towards pre-petition arrears
The POC filed sought $15,481.40. The proposed amount indicated in
The Amended Plan adds $10,000.00 of post-petitioner arrears.

Through this Plan and debtor will make post-petition payments
outside of the plan directly to creditor.

(c) Subsequent to-pro rata with dividends to secured creditor, dividends to unsecured creditors whose claims are duly filed and allowed as follows:

**PRO-RATA DISTRIBUTION**

    3. The following executory contract of the debtor are rejected:
None

    4. All secured creditors subject to the Chapter 13 Plan as set forth shall retain all liens on the subject property as each security agreement provides.

    5. All liens upon the filing of the appropriate motion or adversary action may be avoided pursuant to 11 U.S.C. Section 522(f) are hereby avoided.

    6. Title to the debtors' property shall revest in the debtor on confirmation of a plan or upon dismissal of the case after confirmation pursuant to 11 U.S.C. Section 350.

Dated:  6/27/2017       /s/ Donald J. Young, Jr
                  Debtor

Dated:  6/27/2017       /s/ Robert Leite-Young
                  Attorney for Debtor

Acceptances may be mailed to Robert Leite-Young, Esquire, 6950 Castor Avenue, Philadelphia, PA 19149.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN RE:

DONALD J. YOUNG, JR.    .    Bankruptcy No. 15-16937-sr

Debtor    Chapter 13

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## 2nd AMENDED CHAPTER 13 PLAN

1. The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor. **Debtor has paid $902.97 to the trustee to-date:**

$325.00 each month thereafter for the remaining **54 months** beginning on April 25, 2016 to be distributed by the Trustee under the Plan.

**The Plan is funded at $18,404.54**

2. From the payments so received, the trustee shall make disbursements as follows:

    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507 to:

ROACH, LEITE & MANYIN, LLC:    $1,250.00
Administrative Claim (see for 2016b for additional description)

    (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

PENNSYLVANIA HOUSING FINANCE AGENCY:    $15,481.40*
*pre-petition arrears in the amount of $15,481.40 are to be paid
Through this Plan and debtor will make post-petition payments
outside of the plan directly to creditor.

    (c) Subsequent to-pro rata with dividends to secured creditor, dividends to unsecured creditors whose claims are duly filed and allowed as follows:

**PRO-RATA DISTRIBUTION**

3. The following executory contract of the debtor are rejected:
None

    4. All secured creditors subject to the Chapter 13 Plan as set forth shall retain all liens on the subject property as each security agreement provides.

    5. All liens upon the filing of the appropriate motion or adversary action may be avoided pursuant to 11 U.S.C. Section 522(f) are hereby avoided.

    6. Title to the debtors' property shall revest in the debtor on confirmation of a plan or upon dismissal of the case after confirmation pursuant to 11 U.S.C. Section 350.

Dated:  4/25/2015    /s/ Donald J. Young, Jr
                Debtor

Dated:  4/25/2015    /s/ Robert Leite-Young
                Attorney for Debtor

Acceptances may be mailed to Robert Leite-Young, Esquire, 6950 Castor Avenue, Philadelphia, PA 19149.