IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Donald J. Young, Jr.<br>      Debtor | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)<br>      Movant<br>vs. | NO. 15-16937 SR |
| Donald J. Young, Jr.<br>      Debtor | 11 U.S.C. Sections 362 and 1301 |
| Anna Strickland<br>Frederick L. Reigle<br>      Additional Respondents | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,243.84**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2015 to October 2016 in the amount of $512.00/mo.<br>November 2016 to July 2017 in the amount of $485.00/mo. |
| Late Charges: | December 2015 to June 2017 in the amount of $11.36/mo. |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Total Post-Petition Arrears | $11,243.84 |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

    a). Debtor shall amend/modify his Chapter 13 Plan to provide for plan payments to cure the post-petition arrearage of **$11,243.84**, in addition to the plan payments already provided to cure the pre-petition arrearage as set forth in Movant's proof of claim. Debtor shall, within seven (7) days of the court order granting and/or approving of this stipulation, file with the Court a motion or amended motion to modify the Debtor's Chapter 13 plan as necessary to accomplish the above;

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$11,243.84** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due August 1, 2017 and continuing thereafter, Debtor shall pay the regular monthly mortgage payment of $485.00 (or as adjusted under to the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant, or its successor or assignee, or the succeeding claim holder if the claim has been transferred, may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant or the aforesaid entity relief from the automatic stay and codebtor stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form included with Movant's instant Motion that is being resolved by way of this stipulation, or in a form substantially similar thereto.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 7, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
Attorneys for Movant

Date: 7/18/17

Robert Captain Leite-Young, Esquire
Attorney for Debtor Donald J. Young, and also signing as Attorney for Co-Debtor Anna Strickland

Date: 7/24/17

Frederick C. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Stephen Raslavich